UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 16-23283-civ-SCOLA

REDOUANE FOUISSI, and other similarly situated individuals,

        Plaintiff(s),

v.

H. TRADING CORP. d/b/a Steve Market 2 f/k/a Steve Market 2 Inc.; JALAI HAJYOUSEF; and OMAR HAJJE,

        Defendants.

## MOTION FOR DEFAULT FINAL JUDGMENT

Plaintiff, REDOUANE FOUISSI (the "Plaintiff"), pursuant to the Federal Rules of Civil Procedure 55(b), respectfully request the entry of a Default Final Judgment against Defendants, H. TRADING CORP. d/b/a Steve Market 2 f/k/a Steve Market 2 Inc.; JALAI HAJYOUSEF; and OMAR HAJJE (the "Defendants"), and in support states as follows:

1. On August 1, 2016 the Plaintiff brought this action to recover money damages for unpaid overtime wages and retaliation against his employers under the laws of the United States, *i.e.* the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. and other Federal Regulations.

2. Section 7 of the FLSA**,** 29 U.S.C.A. § 207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established in good faith for like work

performed during non-overtime hours." 29 C.F.R. § 778.308(b).  Section 216(b) provides that employers who violate § 7 of the FLSA shall be liable to their employees for the amount of their unpaid overtime compensation and an additional equal amount in liquidated damages and attorney's fees and costs. *See* 29 U.S.C.A. § 216(b).

3.   The Defendants failed to respond to the complaint which resulted in Clerk's Defaults against them (D.E. # 14).

4.   Plaintiff's allegations in the complaint, which have not been denied by the Defendants, should be deemed to be admitted by the Defendants and should be considered proven.  Thus, pursuant to the allegations in the Complaint and the above-cited law, the Plaintiff is entitled to unpaid overtime wages of $11, 616.00, plus liquidated damages of $11, 616.00, for a total of $23,232.00; plus attorney's fees and costs.

5.   Additionally, Plaintiff's allegations in the complaint relating to his FLSA retaliation claim, which have not been denied by the Defendants, should be considered admitted by the Defendants and should be considered proven. §**29 U.S.C. 216 (b) , provides, inter alia, that violators "**shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of <u>section 215(a)(3) of this title</u>, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages". Thus, pursuant to the allegations in the Complaint the Plaintiff is entitled, against Corporate Defendant and Hajje, to damages for his retaliatory discharge for wages lost minus interim earnings, plus liquidated damages. Up to the end of October 2016 Plaintiff would have earned $32,648.00 in wages ($1166.00/week x 28 weeks, see D.E. # 9 and Plaintiff's Declaration, attached hereto as Exhibit 1). He made around $7,000.00 in interim earnings, so he is owed $25,648.00 in back wages ($32, 648.00 - $7,000.00).  An equal amount for liquidated

damages brings the amount owed by Defendants to $51,296.00 ($25,248.00 lost wages x 2). Plaintiff contends that the antagonistic facts set forth in the Complaint (D.E. # 1 at ¶¶ 27-35) show that reinstatement is impracticable in this case as a remedy and front pay is therefore justified. He therefore asks for one year of front pay, in the amount of $60,632.00 ($1166.00/wk x 52, see D.E. # 9). The total amount for the retaliation allegations that Defendants are liable for is $111,928.00 ($51, 296.00 + $60, 632.00).

6. The total amount of damages for the FLSA violations set forth in the complaint total $135, 160.00 ($111, 928.00 + $23, 262.00), plus attorney's fees and costs.

7.   Attached to this motion the Plaintiff hereby files his verified declaration to support the amounts owed to him in unpaid wages (Exhibit "A").

8. Attached to this motion Plaintiff's counsel files his verified declaration to support the amount of attorney fees and costs (Exhibit "B")

**WHEREFORE**, Plaintiff, REDOUANE FOUISSI, request that this Court enter a Default Judgment:   (1) Against the Defendants H. TRADING CORP. d/b/a Steve Market 2 f/k/a Steve Market 2 Inc.; JALAI HAJYOUSEF; and OMAR HAJJE, jointly and severally, and in favor of the Plaintiff in the amount of $23,232.00, plus attorney's fees and costs, and (2) Against the Defendants H. TRADING CORP. d/b/a Steve Market 2 f/k/a Steve Market 2 Inc. and OMAR HAJJE , jointly and severally, and in favor of the Plaintiff in the amount of $111, 928.00, plus attorney's fees and costs.  Plaintiff also requests such other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been served on this November 3, 2016, via U.S. mail to:

H. TRADING CORP.
d/b/a Steve Market 2 f/k/a Steve Market 2 Inc
6804N.W 15th Avenue
Miami, Florida 33147

OMAR HAJJE
6804N.W 15th Avenue
Miami, Florida 33147

JALAI HAJYOUSEF
6804N.W 15th Avenue
Miami, Florida 33147

          By: __s/ Andres Rivera-Ortiz_____
          Andres Rivera-Ortiz, Esq.
          Fla. Bar No.: 373478
          Email: andres@saenzanderson.com
          THE SAENZ LAW FIRM, P.A.
          20900 N.E. 30th Avenue, Ste 800
          Aventura, Florida 33180
          Telephone: 305.503.5131
          Facsimile:  888.270.5549
        Attorneys for Plaintiff