UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 16-23283-civ-SCOLA

REDOUANE FOUISSI, and other similarly )
situated individuals, )
)
            Plaintiff(s), )
)
)
v. )
)
H. TRADING CORP. d/b/a Steve Market 2 )
f/k/a Steve Market 2 Inc.; JALAI )
HAJYOUSEF; and OMAR HAJJE, )
)
            Defendants. )
)
_____ )

**DECLARATION OF ATTORNEY'S FEES IN SUPPORT OF
MOTION FOR COURT'S DEFAULT FINAL JUDGMENT**

    1.    My name is Andres Rivera-Ortiz, Esq. and I am the attorney of record for Plaintiffs.

    2.    This declaration is based on my personal knowledge of the attorneys' fees and costs charged and collected, or to be charged and collected, from Plaintiffs, and upon my review of the books and records of SAENZ & ANDERSON, PLLC ( Firm) , made in the ordinary course of business and of which I have access to and am familiar with.

    3.    I am Of Counsel to the Firm. I have been a member of the Florida Bar since October 1983, and an active practitioner of law since that time. I am also a member of the Trial Bar of the United States District Court for the Southern District of Florida and admitted to practice before the United States District Court for the Middle District of Florida, , and the United States Supreme Court. I have practiced also, on a pro hac vice basis, before the United States District Courts for the Middle District of North Carolina, the Southern District of New York, and the Southern District of Texas, and the Eastern District of Virginia.

4. I was an attorney with the National Labor Relations Board ( Board ) from 1984 to 1990 , where I , inter alia , prosecuted employers and labor organizations for violations of the National Labor Relations Act . There I also served as a hearing officer on numerous hearings held pursuant to the National Labor Relations Act, serving on some occasions as a gatherer of facts on behalf of the Board while making determinations of fact and law and issuing decisions on behalf of the Board on others. Since 1990, I have represented labor organizations and employees, representing employees exclusively since 1993 in labor and employment related matters as a solo practitioner. I have represented employees in state and federal administrative matters such as appeals before the Unemployment Appeals Commission and in matters before the Florida Public Employees Relations Commission and the Equal Employment Opportunity Commission. I have represented employees in proceedings before the Board. I have represented employees in State county courts, circuit courts and district court of appeals, and in the Unites States Circuit Court of Appeals for the Eleventh Circuit as well as District Courts in Florida, North Carolina, Texas, and New York. I have successfully obtained relief for plaintiffs in previous actions brought in this District Court, including cases under different employment laws, including, but not limited to, the Employee Polygraph Protection Act, (e.g. *Elviro et. al. v. Florida Mini - Stor It, Inc., et. al.* Case 96CV1149-Highsmith ; *Rivera v. Interamerican Car Rental , Inc. ,* Case 96CV1729-Lenard ; *Moreno v. Wynne Building Corporation,* Case 96CV0025-Graham; *Vaca v. American Airlines,* Case 96CV 1451 -Hoeveler; *Estrada v. Brinks, Inc.,* Case 01CV3152-Gold; *Zamora v. Triangle Services,* Case 03CV20252-Graham; *Dominguez v. Al-Dan Trading, Inc,* 03CV20154; *Clemente v. El Dorado Furniture, Inc.* 03CV21177-King; and *Montano v. Refricenter of Miami, Inc.,* Case 04CV20336-Cooke), the American with Disabilities Act ( e.g. *Martinez v. Prism Integrated Sanitation Management, Co.,* Case 98CV2770-Moreno), the Civil Rights Act of 1964 (Title VII) (e.g. *Galera-Hernandez v. Hallmark Electrical Supplies , Corp.,* Case 96CV2656-Moore), the Age Employment Discrimination Act ( e.g. *Cazanas v. Janssen Pharmaceutica, Inc. and Johnson & Johnson,* Case

*97CV3418-Nesbitt*), and the Fair Labor Standards Act (*Reid v. Pricesmart, Inc, Case. 04CV21083-King*) I have served as lead attorney in around 73 cases before this District Court.

### A. ATTORNEY'S FEES

5. Under the Firm's agreement with Plaintiff, he is obligated to pay the Firm $400.00 per hour multiplied by the hours worked, plus any costs for court filings, copies, facsimiles, couriers, and postage. The Firm's fee agreement with Plaintiff provides that attorney fees:

> [S]hall be the greater of:
>
> (a) The amount of attorney's fees awarded pursuant to statute or law, pursuant through settlement, trial or otherwise; or
>
> (b) The amount of attorney's fees calculated on an hourly basis, to be paid by the Defendant(s); or
>
> (c) Forty (40.00%) percent of the amount of all damages and other monetary compensation settled or recovered in this action, including without limitation any attorneys' fees and costs and expenses recovered through settlement, trial, or otherwise

6. In the handling of this matter, I have expended 14.40 hours of time in working on the Plaintiff's ; reviewing the complaint for filing, discussing the case with Plaintiff; conferencing with Plaintiff; and preparing the necessary motions and documents to secure a final judgment in this action. Based on 14.40 hours at the rate of $400.00, the total amount of attorneys' fees is $ 5,760.00.

7. As noted above, the Firm's retainer with Plaintiff provides for the greater of : the amount of attorney's fees awarded pursuant to statute or law, pursuant through settlement, trial

or otherwise; or the amount of attorney's fees calculated on an hourly basis, to be paid by the Defendant(s); or forty (40%) percent of the amount of all damages and other monetary compensation settled or recovered in this action, including without limitation any attorneys' fees and costs and expenses recovered through settlement, trial, or otherwise.

8. In light of Plaintiff's illegal retaliation count, undersigned counsel respectfully requests the Court to award fees consistent with Plaintiff's retainer agreement with the Firm especially in light of Defendants total disregard of the judicial process as evidence by their failure to file any papers in this cause. A contingent fee of 40% would amount to $54,064.00.

9. Alternatively, undersigned counsel respectfully asks that the Court award whatever fees it believes are fair and equitable in this case.

10. Based on the actual attorney's fees, Plaintiffs request a final judgment for attorney's fees in the amount of _____.

### B. COSTS

11. In handling this matter, the costs include the following: (a) filing fee for action in the amount of $400.00; (b) service fee for filing action of $35.00  Based on the foregoing, the total amounts of costs currently are $435.00.

12. Plaintiffs request a final judgment for costs in the amount of $435.00.

I hereby declare under penalty of perjury under the laws of the United States that the facts stated herein are true to the best of my knowledge and belief.

Date: November 2, 2016

_____
ANDRÉS RIVERA-ORTIZ, ESQ.