United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Redouane Fouissi, Plaintiff, | ) |
| v. | ) ) |
| H. Trading Corp. dba Steve Market 2 and others, Defendants. | ) Civil Action No. 16-23283-Civ-Scola ) ) |

## **Default Judgment**

The Plaintiff has moved for a default judgment consistent with Federal Rule of Civil Procedure 55(b)(2). Previously, the Clerk of the Court entered a default under Rule 55(a). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

The Complaint alleges that the Defendants violated the Fair Labor Standards Act by failing to pay the Plaintiff his required overtime compensation and discharging him in retaliation for complaining about his wages. The Plaintiff has filed an affidavit establishing that he suffered damages in the amount of **$135,160.00**, consisting of $11,616.00 in unpaid overtime wages, $11,616.00 in liquidated damages for the overtime claim, $25,648.00 in back wages for the retaliation claim, $25,648.00 in liquidated damages for the retaliation claim, and $60,632.00 in front pay for the retaliation claim.

Plaintiff's attorney also seeks an award for his fees: he asks for an amount based either on the time he spent on the matter or on his contingency agreement with his client. The Court here considers only the amount that the Defendant must pay the Plaintiff. As the prevailing party in this FLSA case, the Plaintiff is entitled to an award, from the Defendant, of his reasonable attorney's fees. 29 U.S.C. § 216(b). In determining the reasonableness of the amount of such a fee award, the Court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 433; *Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994). In evaluating this lodestar amount, the Court finds that counsel reasonably expended 14.4 hours and billed at the reasonable rate of $400 an hour for a total of $5,760.00 in fees. (*See* Mot. for Default Final Judgment, with corresponding exhibits, ECF No. 19.) Counsel is also awarded his taxable costs of $435.00. (*Id.*)

After having considered the Motion, the record, and the relevant legal authorities, the Court **grants** the Motion for Default Judgment (**ECF No. 19**). The Court **enters judgment** in favor of the Plaintiff, Redouane Fouissi, and against the Defendants H. Trading Corp. dba Steve Market 2, Omar Hajje, and Jalai Hajyouseff, jointly and severally, in the amount of **$135,160.00**, for which sum let execution issue. Additionally, Plaintiff's counsel Saenz & Anderson PLLC shall recover from Defendants H. Trading Corp. dba Steve Market 2, Omar Hajje, and Jalai Hajyouseff, jointly and severally, the sum of **$6195.00**, in attorney's fees and costs. Interest upon these judgment amounts will accrue at the applicable legal rate. The Defendants last known addresses are listed below.

The Court **directs** the Clerk to **close** this matter.

**Done and ordered** in chambers, at Miami, Florida, on November 7, 2016.

Robert N. Scola, Jr.
United States District Judge

*Copies to:*
H. Trading Corp. c/o Omar Hajje
6804 NW 15th Avenue
Miami, FL 33147

Omar Hajje
6804 NW 15th Avenue
Miami, FL 33147

Jalai Hajyouseff
6804 NW 15th Avenue
Miami, FL 33147